IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERTO RAMIREZ,

    Petitioner,

vs.                                                     2:19-cv-00671-KWR-LF

DWAYNE SANTISTEVAN, WARDEN,

    Respondent.

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on the Motion to Hold Federal Habeas Petition in Abeyance (Doc. 26), Motion for Appointment of Federal Public Defender (Doc. 27), Motion to Change Respondent (Doc. 28), and letter motion for abeyance (Doc. 29) filed by Petitioner Alberto Ramirez on August 8, 2020. The Court will grant the Motion to Change Respondent and will deny all other pending motions.

**Motion to Change Respondent:** In his Motion to Change Respondent (Doc. 28), Petitioner Ramirez advises the Court that he has been transferred from Lea County Correctional Facility (LCCF) to PNM in Santa Fe, and seeks to change the name of the respondent from LCCF Warden Dwayne Santistevan to PNM Warden Leon Martinez. (Doc. 28). Under Rule 2(a) of the Rules Governing Section 2254 Proceedings, a habeas corpus petition must name, as respondent, the state officer who currently has custody of the Petitioner. Therefore, the Court will grant Petitioner's request to substitute the officer currently having custody of Petitioner.

**Motion to Hold Federal Habeas Petition in Abeyance and letter motion for abeyance:** In his Motion to Hold Federal Habeas Petition in Abeyance (Doc. 26) and letter motion for abeyance (Doc. 29), Petitioner seeks to have the Court hold this proceeding in abeyance to allow

Petitioner "[t]o be able to go back to state court to present evidence of what jury actually saw shackles on Mr. Ramirez and to properly present claims as federal rights and violations of U.S. Constitution." (Doc. 26 at 1). The Court construes Doc 26 and Doc. 29 as requests to hold this proceeding in abeyance to allow Petitioner to exhaust his state court remedies.

Petitioner filed a previous habeas corpus proceeding under 28 U.S.C. § 2254 in this Court on March 11, 2019. On May 3, 2019, Petitioner filed a motion seeking to voluntarily withdraw his § 2254 Petition to permit him to exhaust his state court remedies. The Court granted his request and dismissed the case without prejudice on November 18, 2019. *See* No. CV 19-00202 MV/CG. Petitioner Ramirez filed his § 2254 Petition in this case on July 22, 2019, before his Motion to voluntarily withdraw his Petition had been granted.

The Court has reviewed the official record in Ramirez's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records. *United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand.); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

Petitioner also filed a state habeas corpus petition in *State v. Ramirez,* State of New Mexico cause No. D-905-CR-2007-00434 on June 24, 2019. That state court petition has been summarily dismissed and Petitioner's petition for writ of certiorari filed in the New Mexico Supreme Court on October 26, 2020 remains pending. In the Order denying the June 24, 2019 petition, the state

district court expressly noted that the petition was the sixth pro se habeas corpus petition filed by Petitioner Ramirez.  The state court also stated that "all of Petitioners claims have been raised in prior habeas corpus petitions."  Petitioner has already had a number of opportunities in state court to exhaust his state court remedies.  Further, this Court may reach the merits of Petitioner's federal habeas corpus petition even if there is a failure to fully exhaust those remedies on all issues.  *See* 28 U.S.C. § 2254(b)(2).  Therefore, the Court will deny Petitioner's requests to hold this proceeding in abeyance.

**Motion for Appointment of Federal Public Defender:**  Petitioner seeks appointment of a Federal Public Defender to assist him with this case. (Doc. 27).  Petitioner is a prisoner in the custody of the State of New Mexico and seeks habeas corpus review of his New Mexico conviction and sentence under 28 U.S.C. § 2254.  There is no right to appointment of counsel in a habeas corpus case under 28 U.S.C. § 2254.  Instead, the decision whether to appoint counsel rests in the sound discretion of the Court.  *See, e.g.*, *Coleman v. Thompson,* 501 U.S. 722 (1991); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).

In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims.  *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004).  The Court has reviewed the Petition and subsequent filings in light of the foregoing factors.  Petitioner appears to understand the issues in the case and to be representing himself in a capable manner.  *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).  Accordingly, the Court will deny the Motion for Appointment of Federal Public Defender.

IT IS THEREFORE ORDERED that:

(1)  Petitioner's Motion to Change Respondent (Doc. 28) is GRANTED and Warden Leon Martinez is substituted as Respondent in place of Warden Dwayne Santistevan;

(2)  Petitioner's Motion to Hold Federal Habeas Petition in Abeyance (Doc. 26) and letter motion for abeyance (Doc. 29) are DENIED; and

(3)  Petitioner's Motion for Appointment of Federal Public Defender (Doc. 27) is DENIED.

_____
Laura Fashing
United States Magistrate Judge