IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERTO JOSE RAMIREZ,

    Petitioner,

v.                                                                  No. 2:19-cv-00671-KWR-LF

DWAYNE SANTISTEVAN, *et al.*,

    Respondents.

## ORDER DENYING POST-JUDGMENT MOTION

**THIS MATTER** is before the Court on Petitioner's Motion to Expand the Record, etc. (the "Motion"). (Doc. 34). Being sufficiently advised, the Court finds that the Motion is **NOT WELL TAKEN** and should be **DENIED.**

This case commenced with the filing of Petitioner's Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus, on July 22, 2019. (Doc. 1). Petitioner filed an amended Petition on September 26, 2019. (Doc. 7). After paying the filing fee (Doc. 13), Petitioner filed at least three motions to proceed *in forma pauperis* (Docs. 2, 8, 18). The Court denied the motions on the ground that Petitioner had already paid the fee and his inmate account statements demonstrated a clear financial ability to do so. (Docs. 16 and 30).

He also filed a motion for abeyance so he could exhaust state remedies, and a motion to appoint counsel who could "properly argue claims[,] conduct discovery, . . . [request an] evidentiary hearing[,] [and seek] to expand the record." (Docs. 26-27). The Court denied these motions. (Doc. 31). As to abeyance, the Court held, among other things, that Petitioner had already sought state habeas relief, and that this Court could consider the merits of his federal habeas petition even if he failed to exhaust state court remedies on all issues. (Id. at 2-3). As to his motion

to appoint counsel—a matter within the court's discretion—the Court held that Petitioner appeared to understand the issues in the case and to be representing himself in a capable manner. (Id. at 3-4). Before the Court completed its preliminary review of the Petition[1] (or Amended Petition), Petitioner filed a motion to voluntarily withdraw it. (Doc. 32).

In a Rule 41(a)(2) Final Order of Voluntary Dismissal, entered on March 19, 2021, the ("Final Order"), the Court granted petitioner's withdrawal motion. (Doc. 33). The Final Order dismissed the Petition and the Amended Petition without prejudice and closed this case. Seven months later, Petitioner filed the present Motion seeking to expand the record and requesting an evidentiary hearing or a "deposition hearing." Based on the time of its filing and the fact that it seeks relief from the final judgment to allow Petitioner to pursue habeas relief, the Court construes the Motion under Fed. R. Civ. P. 60(b). *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991) (Post-judgment motions filed after the timeframe designated in Rule 59(e) are usually construed under Rule 60(b)).

Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] The Petition was subject to review under Rule 4 of the Rules Governing § 2254 Proceedings in the District Court.

Relief from a judgment under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Petitioner has not demonstrated cause for relief under Rule 60(b). It appears that Petitioner regrets having voluntarily dismissed his Petition and wishes to undo the dismissal so that he can resume prosecuting his habeas case. But relieving a party of the consequences of a litigation decision that, in hindsight, was regrettable is not an appropriate application of Rule 60(b). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572 (10th Cir. 1996). The Motion shall be denied accordingly.

If Petitioner wishes to pursue federal habeas relief, that is his choice, but he must do so by filing a new petition. The Court will send a petition form to him at his address of record.

**IT IS THEREFORE ORDERED** that:

(1)  the Motion (Doc. 34) is **DENIED**; and

(2) the Clerk's office **SHALL MAIL** a blank 28 U.S.C. 2254 Petition form to Petitioner.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**