### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

ALBERTO JOSE RAMIREZ,

      Petitioner,

vs.                                       No. Civ. 19-671 KWR/LF

DWAYNE SANTISTEVAN, *et al.*,

      Respondents.

### <u>MEMORNADUM OPINION AND ORDER</u>

This matter is before the Court on two post-judgment Motions filed by Petitioner: (i) Document 36, filed December 2, 2024; and (ii) Document 40, filed January 6, 2025. Petitioner is proceeding *pro se* and was incarcerated when he initiated this action. By an Order of Voluntary Dismissal entered March 19, 2021, the Court granted Petitioner's Motion to Voluntarily Withdraw Petition and dismissed this case without prejudice. (Doc. 33) (Dismissal Order granting Doc. 32).

In the post-judgment Motions, Petitioner states that he has lost copies of documents filed in other cases and seeks miscellaneous relief in those cases. *See* (Docs. 36 and 40, referencing Case Nos. 23-cv-1075 and 06-cv-152). Petitioner has also filed two Letters seeking similar relief. *See* Docs. 37 and 39. The Court denies the post-judgment Motions because Petitioner must seek relief in his other cases by filing in those cases.

To the extent Petitioner seeks relief under Fed. R. Civ. P. 60, that typically requires a showing that a judgment is void or has been otherwise satisfied. *See* Fed. R. Civ. P. 60(b)(4)-(6), (c)(1) (providing that to obtain relief more than one year after entry of a final judgment, the movant typically must show the judgment is void or has been otherwise satisfied). Rule 60(b)(6) also

contains a catchall clause for "any other reason that justifies relief."  However, Rule 60(b)(6) relief

is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny

such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir.

2005).  Courts have considerable discretion in deciding whether to reconsider a ruling.  *See Phelps*

*v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  The post-judgment filings here do not

demonstrate the Judgment is void or that declining to disturb the Dismissal Order would "offend[]

justice." *Zurich,* 426 F.3d at 1293.  Hence, Petitioner is not entitled to relief under Rule 60(b)(4)-

(6).  Petitioner is reminded that because this case was dismissed without prejudice, he is at liberty

to refile his claims in a new lawsuit.  The Court will deny a certificate of appealability under

Habeas Rule 11, to the extent necessary, as reasonable jurists would not debate a partial grant of

in forma pauperis relief.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where

"reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong"); *United States v. Elliott*, 807 Fed. App'x 801, 802 (10th Cir. 2020) (district courts must

grant or deny a COA in connection with post-judgment motions).

       **IT IS THEREFORE ORDERED** that, for the reasons stated above, Petitioner's Motions

(**Docs. 36** and **40**) are **DENIED**.

       **IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.


           /S/

           HON. KEA W. RIGGS
           UNITED STATES DISTRICT JUDGE